FILED
U.S. DISTRICT COURT
[illegible]
2017 OCT 13 PM 6:59
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
*Plaintiff,*

v.

$30,020 IN U.S. CURRENCY
*Defendant.*

Civil Action No. ELH-17-259

## MEMORANDUM

Plaintiff United States of America filed a Verified Complaint for Forfeiture, pursuant to 21 U.S.C. § 881(a)(6), with respect to $30,020.00 in U.S. currency that was seized from a Priority Mail package in August 2016. ECF 1 (Complaint). It is supported by the Declaration of Darshelle Thombs, a U.S. Postal Inspector. ECF 1-1.

The package was addressed to "Gabe Newman" at an address in Sacramento, California. *Id.* at 1. It had a return address label for "Mel Newman" in Stevenson, Maryland, for whom no records were found. *Id.* The package was seized at a postal facility in Maryland following an alert by a drug detection dog, which indicated the presence of a controlled substance. ECF 1-1 at 2. A search warrant was subsequently obtained. *Id.* The United States claims that the currency is subject to forfeiture because it was intended to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 841. ECF 1, ¶ 7.

Self-represented claimant Karla S. Newman, the mother of the addressee, Gabriel Newman, submitted a Verified Claim for the currency on March 15, 2017. ECF 3. She asserted that her son died in September 2016 and, as his next of kin, she is entitled to claim the money on his behalf. *Id.* at 1. Also on March 15, 2017, Ms. Newman filed an Answer to the Complaint

(ECF 4), alleging that her son (the "Decedent") was a semi-professional gambler who frequently mailed money because he "cannot carry more than $10,000.00 on his person when flying" (*id.* at 1), and he "frequently shipped his gambling stake money ahead of time." *Id.* at 2. She also asserted that she had no reason to believe the money was connected to the drug trade. *Id.* at 2.

On September 13, 2017, the United States filed a Motion to Strike the Claim and Answer of Karla Newman, pursuant to Rule G(8)(c)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claiming Ms. Newman lacks standing to assert a claim to the money. ECF 11 ("Motion").[1] Rule G(8)(c)(i)(B) provides: "At any time before trial, the government may move to strike a claim or answer because the claimant lacks standing." Ms. Newman opposes the Motion. ECF 12 ("Opposition"). The United States has replied. ECF 13 ("Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## Discussion

### A.

A claimant in a civil forfeiture action has Article III standing if she has an ownership, possessory, or security interest in the specific property that is the subject of the forfeiture action. *See United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 57 (1st Cir. 2013); *United States v. Miscellaneous Jewelry*, 667 F. Supp. 232, 235-36 (D. Md. 1987), *aff'd sub nom. United States v. Walker*, 889 F.2d 1317 (4th Cir. 1989).

The parties agree that the Decedent was domiciled in California at the time of his death and therefore California law applies to the standing inquiry. ECF 11 at 5; ECF 12 at 3. *See*

---

[1] The Motion was filed without a separate memorandum of law. Instead, the legal argument in support of the Motion is included within the Motion. *See* Local Rule 105.1 (requiring a motion to be accompanied by a legal memorandum).

*United States v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1191 (9th Cir. 2004) ("Ownership interest is determined under the law of the state in which the interest arose—here, California.").

As the United States acknowledges (ECF 11 at 3), where the claimant asserts factual allegations supporting a possessory interest, they must be taken as true at the motion to dismiss stage. *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012). Likewise, in the early stages of the claim proceedings, a claimant need only show a colorable claim of an ownership or possessory interest in the defendant property to establish standing. *See United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d at 57.

In its Motion, the government asserts that Ms. Newman lacks standing on two grounds: First, that she does not have legal title to the property because she is an heir of the Decedent rather than the personal representative of his estate, and because the administration of the estate may not yet be complete. ECF 11 at 5-7. Second, the government argues that even if Ms. Newman did have legal title to the Decedent's estate, there is no evidence that the Decedent himself had a legal interest in the package and its contents, and Ms. Newman cannot assert the Decedent's claim if he had none. *Id.* at 8.

In support of its first argument, the United States cites Cal. Prob. Code § 8400(a)-(b), which provides that "[a] person has no power to administer the estate until the person is appointed personal representative and the appointment becomes effective." And, under Cal. Prob. Code § 9650, only "[t]he personal representative has the right to . . . all the property of the decedent to be administered in the decedent's estate," until a court orders the discharge of the personal representative upon the final distribution. Cal. Prob. Code § 12250.

Further, the United States asserts (ECF 11 at 5-6) (emphasis in original): "A decedent's heirs, therefore, are *presumptively* entitled to a decedent's property, *subject to the administration of the decedent's estate by the personal representative* (*see* Cal. Prob. Code § 7000), who is entrusted with the duty to protect the interests of all of the beneficiaries or creditors who have an interest in the decedent's estate. In other words, the personal representative has legal title to the decedent's property *during* the administration of the decedent's estate."

The United States also cites a District of Maryland case, *United States v. 12636 Sunset Ave., Unit E-2, W. Ocean City, Md.*, 991 F. Supp. 2d 709, 712 (D. Md. 2014), interpreting Maryland law. It held that because the Maryland statute granted legal title to the personal representative of an estate during probate, the decedent's heirs, "by negative implication," must be excluded from any ownership or possessory right. ECF 11 at 6. Thus, the government maintains that because Ms. Newman is only an heir of the Decedent, and because she does not claim she is the personal representative of the Decedent's estate, she has no current legal title to his property. ECF 11 at 7.

In response, Ms. Newman observes that Maryland probate law, and cases interpreting it, do not apply. ECF 12 at 3. And, she points out, "in California the law is different." *Id.* Under Cal Prob. Code § 7000, "title to a decedent's property *passes on the decedent's death to the person to whom it is devised* in the decedent's last will or, in the absence of such a devise, to the decedent's heirs as prescribed in the laws governing intestate succession." (Emphasis added). Therefore, the heir should be considered to possess the property during administration. ECF 12 at 3.

Furthermore, Ms. Newman notes that the government has overlooked Cal. Prob. Code § 13100, which states:

> [I]f the gross value of the decedent's real and personal property in this state does not exceed one hundred fifty thousand dollars ($150,000) and if 40 days have elapsed since the death of the decedent, the successor of the decedent may, without procuring letters of administration or awaiting probate of the will, do any of the following with respect to one or more particular items of property:
> (a) Collect any particular item of property that is money due the decedent.
> (b) Receive any particular item of property that is tangible personal property of the decedent.
> (c) Have any particular item of property that is evidence of a debt, obligation, interest, right, security, or chose in action belonging to the decedent transferred, whether or not secured by a lien on real property.

Ms. Newman argues that the Decedent's estate "was not probated because it was less than $150,000 in value, . . . [and consequently] no administrator or personal representative was appointed." ECF 12 at 3. The contention that the estate was worth less than $150,000 is supported by Ms. Newman's answer to the government's interrogatories. ECF 11-4, ¶ 8.

Either way, Ms. Newman argues, she has standing: The property passed to her, the next of kin, upon Decedent's death. Or, in the alternative, the Decedent's estate need not have been probated, and 40 days have elapsed, so she may take possession of his property. ECF 12 at 3-4.

I agree with Ms. Newman's interpretation of the California Probate Code, and the United States has offered no legal reasoning or authority in its Reply. Rather, it pivots unpersuasively to its second argument. ECF 13 at 1. Therefore, I am satisfied that California law does not preclude Ms. Newman from asserting a claim to the property.

**B.**

The government's second argument is that, even if Ms. Newman could assert a claim on the Decedent's behalf, she has "provided no evidence that the defendant property belonged to or was ever in the possession of Gabriel Newman." ECF 11 at 8. The United States then cites cases holding that "unsupported" and "bald" assertions of ownership are insufficient to establish

standing. *Id.* (citing *Kadonsky v. United States*, 216 F.3d 499, 508 (5th Cir. 2000), *United States v. $61,483.00 in U.S. Currency*, 2003 WL 1566553, at *2-3 (W.D. Tex. 2003)).

In her Opposition, Ms. Newman responds that her son "had a colorable claim because the property was addressed to him; had the property not been seized, he presumably would have received it." ECF 12 at 4. Ms. Newman concedes that she has no evidence that either she or the Decedent "ever owned or possessed the property in question" (*id.*), but that is not the standard at this stage. Ms. Newman need not present dispositive evidence of ownership; rather, she need only assert facts supporting a possessory interest. *See United States v. $133,420.00 in U.S. Currency*, 672 F.3d at 638.

In its Reply, the United States further crystalizes its view of the issue, stating: "[T]he fundamental issue in this case is: does a person to whom a package was addressed have standing solely because she was named on the address label . . . ?" ECF 13 at 1. The United States does not answer this question in its Reply, however. But, the question does have an answer, and the answer is "yes." *See, e.g., United States v. Hernandez*, 313 F.3d 1206, 1209 (9th Cir. 2002) ("It has long been established that an addressee has both a possessory and a privacy interest in a mailed package."). *See also United States v. Jefferson*, 566 F.3d 928, 933 (9th Cir. 2009) (addressee had a possessory interest in package); *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1159 (9th Cir. 2007) (same).

The United States cites a recent district court case from the Western District of Pennsylvania, *United States v. $19,952.00 in United States Currency*, No. 17CV0427, 2017 WL 3085841 (W.D. Pa. July 20, 2017), for the proposition that mere assertion of a familial relationship and of being executor of a decedent's estate is insufficient to establish a legal interest in the decedent's property. *Id.* at *3. However, Ms. Newman stated facts which give

rise to a colorable possessory interest in the money. In particular, she stated that her son frequently shipped money to himself for gambling purposes (ECF 4 at 1), that he did so in this instance (*id.*), and that she is his next of kin. ECF 3 at 1. Moreover, to the degree that the U.S. Court of Appeals for the Ninth Circuit and the U.S. District Court for the Western District of Pennsylvania diverge on this issue, I opt to follow the Ninth Circuit.

### C.

Because the Decedent had a possessory interest in the package addressed to him, he would have had standing to assert a claim to the property. *See United States v. JP Morgan Chase Bank Account No. Ending 8215 in Name of Ladislao V. Samaniego, VL: $446,377.36*, 835 F.3d 1159, 1164 (9th Cir. 2016). Because Ms. Newman, as the Decedent's successor, may collect his property under California probate law, she may assert the Decedent's claim on his behalf.

At this point in the proceedings, Ms. Newman has established standing. The government's Motion is therefore DENIED.

An Order follows, consistent with this Memorandum.

Date: October 13, 2017                                             /s/
                                                          Ellen Lipton Hollander
                                                          United States District Judge